UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------------X
MICHAEL GRECCO PRODUCTIONS, INC., d/b/a
MICHAEL GRECCO PHOTOGRAPHY INC.,

                Plaintiff,               **MEMORANDUM AND ORDER**
                                                                18-CV-605 (RRM) (ST)

      -against-

JUKELY, INC.,

                Defendant.
------------------------------------------------------------------X
ROSLYNN R. MAUSKOPF, United States District Judge.

Along with its answer in this copyright infringement case, defendant Jukely, Inc. ("Defendant") filed an offer of judgment. (Doc. No. 14). Plaintiff Michael Grecco Productions, Inc., d/b/a/ Michael Grecco Photography Inc. ("Plaintiff") did not accept the offer and now moves to strike it, arguing that Rule 68(a) of the Federal Rules of Civil Procedure expressly provides that an offer of judgment shall not be filed unless it is accepted. Defendant opposes that motion, arguing that Rule 5(a)(1)(E) of the Federal Rules of Civil Procedure requires that an offer of judgment be served and that Rule 5(d) mandates that all papers served pursuant to Rule 5(a)(1) be filed with the Court.

Rule 68(a) sets forth the following detailed procedure for serving and filing an offer of judgment:

> At least 14 days before the date set for trial, a party defending against a claim may serve on an opposing party an offer to allow judgment on specified terms, with the costs then accrued. If, within 14 days after being served, the opposing party serves written notice accepting the offer, either party may then file the offer and notice of acceptance, plus proof of service. The clerk must then enter judgment.

This provision is, as one court has noted, "really unambiguous." *Kason v. Amphenol Corp.*, 132 F.R.D. 197, 197 (N.D. Ill. 1990). Discussing an earlier version of Rule 68(a) which was nearly identical to the current version, *Kason* stated:

> [I]ts first sentence provides only for the service of offers of judgment on the adverse party, while its second sentence calls for filing of the offer only if the adverse party accepts it …. By strong negative inference, that latter reference to filing if and when the offer is accepted confirms the plain meaning of Rule 68's first sentence that no filing is permitted at the time of tender. And that is the uniform view of the commentators.

*Id.* (citing 7 *Moore's Federal Practice* ¶ 68.04, at 68-10 to 68-11 (2d ed. 1990), and 12 Wright & Miller, *Federal Practice & Procedure*, Civil § 3002 (1973)).

However, as Defendant correctly notes, the provisions of Rule 68(a) are inconsistent with provisions of Rule 5 of the Federal Rules of Civil Procedure. Rule 5(a)(1) sets forth a list of "papers [which] must be served on every party," unless another rule provides otherwise. Among the papers listed is an "offer of judgment." Fed. R. Civ. P. 5(a)(1)(E). Rule 5(d)(1)(A) further provides that "[a]ny paper after the complaint that is required to be served must be filed no later than a reasonable time after service." Read together, these two provisions appear to mandate that offers of judgment be served with the Court.

To resolve the inconsistency between Rules 5 and 68(a), the Court relies on two basic tenets of statutory construction. First, "[i]t is a basic principle of statutory construction that a specific statute ... controls over a general provision." *Cmty. Health Care Ass'n of N.Y. v. Shah*, 770 F.3d 129, 157 (2d Cir. 2014) (quoting *In re Stoltz*, 315 F.3d 80, 93 (2d Cir. 2002)) (alteration in *In re Stolz*). "Where there is no clear intention otherwise, a specific statute will not be controlled or nullified by a general one, regardless of the priority of enactment." *Tyler v. Douglas*, 280 F.3d 116, 123 (2d Cir. 2001) (quoting *Morton v. Mancari*, 417 U.S. 535, 550–51

2

(1974)). Second, it is a "basic tenet of statutory construction" that a statutory scheme "should be construed so that effect is given to all its provisions, so that no part will be inoperative or superfluous, void or insignificant, and so that one section will not destroy another unless the provision is the result of obvious mistake or error." *APWU v. Potter*, 343 F.3d 619, 626 (2d Cir. 2003) (quoting *Silverman v. Eastrich Multiple Investor Fund*, 51 F.3d 28, 31 (3d Cir. 1995)).

As noted above, Rule 68(a) is a detailed procedural provision, relating solely to offers of judgment. Rule 5, in contrast, is a general provision, creating a blanket rule for all papers which must be served. If the Court were to construe Rule 5 as mandating that even unaccepted offers of judgment be filed, Rule 5 would supplant Rule 68(a), rendering it "superfluous, void or insignificant." *See APWU*, 343 F.3d at 626. Accordingly, to give effect to all provisions of the Federal Rules of Civil Procedure, the Court rules that the specific provisions of Rule 68(a) trump the general provisions of Rule 5. This ruling is consistent with the view expressed in Moore's Federal Practice, which states – without analysis or citation – that Rule 5's "filing requirement is inapplicable to a Rule 68 offer of judgment unless the offer is accepted." 13 *Moore's Federal Practice* § 68.05[2][a] (3d ed. 2018).

It is also well established that if an unaccepted offer of judgment is filed with the Court in disregard of the dictates of Rule 68(a), it should be stricken from the docket. That remedy is endorsed by leading treatises. *See* 12 Charles Alan Wright, Arthur R Miller & Richard L. Marcus, *Federal Practice & Procedure*, Civil § 3002 (3d ed. 2018) ("The defendant should not file the offer with the court, but if that is done by mistake the remedy is to strike the offer from the court's file."); 13 *Moore's Federal Practice* § 68.05[2][a] (3d ed. 2018) ("Courts generally sanction the pre-acceptance filing by striking the offer from the record."). This approach has been uniformly followed by the very few courts to have addressed this issue. *See Kason*, 132

F.R.D. at 197 (citing the above-cited treatises in a *sua sponte* order striking a prematurely filed offer of judgment); *Scheriff v. Beck*, 452 F. Supp. 1254, 1259 (D. Colo. 1978) (citing *Moore's Federal Practice* in support of its decision to grant a plaintiff's motion to strike an unaccepted offer); *Nabors v. Texas Co.*, 32 F. Supp. 91, 92 (W.D. La. 1940) (granting the plaintiffs' motion to strike an unaccepted offer of judgment). Accordingly, Plaintiff's motion to strike Defendant's offer of judgment from the docket is granted.

## CONCLUSION

For the reasons set forth above, Plaintiff's motion to strike Defendant's offer of judgment is granted. The Clerk of Court is directed to strike Document No. 14 from the docket.

SO ORDERED.

Dated: Brooklyn, New York  *Roslynn R. Mauskopf*
March 20, 2019

ROSLYNN R. MAUSKOPF
United States District Judge